| | |
|---|---|
| 1 | Jamie D. Hanawalt (SBN 309934) |
| 2 | jhanawalt@aldridgepite.com<br>Joseph C. Delmotte (SBN 259460) |
| 3 | jdelmotte@aldridgepite.com<br>**ALDRIDGE PITE, LLP** |
| 4 | 4375 Jutland Drive, Suite 200<br>P.O. Box 17933 |
| 5 | San Diego, CA 92177-0933<br>Telephone: (858) 750-7600 |
| 6 | Facsimile: (619) 590-1385 |
| 7 | Attorneys for Movant,<br>Bank of America, N.A. |

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re<br><br>KATHLEEN DEANNA FRUTOS FKA KATHLEEN DEANNA BALDON,<br><br>Debtor. | Chapter 7<br><br>Case No. 17-14519<br><br>D.C. No. AP-1<br><br>**MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: February 20, 2018<br>Time: 9:00 a.m.<br>Ctrm: 11<br><br>2500 Tulare Street<br>Fresno, CA 93721-1318 |

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 550 Gable Way, Hanford, California 93230 (the "Property"). The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Declaration"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on November 27, 2017.

2. Juan A. Reyes ("Borrower") has executed and delivered that certain promissory note in the original principal amount of $103,312.00 (the "Note"). Movant is an entity entitled to enforce the Note. Movant, directly or through an agent, has possession of the Note. A copy of the Note is attached to the Exhibits as Exhibit 1.

3. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Borrower under the Note and the Deed of Trust with respect to the Loan are secured by the Property. A copy of the Deed of Trust is attached to the Exhibits as Exhibit 2.

4. All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of Deed of Trust, a copy of which is attached to the Exhibits as Exhibit 3.

5. The Obligations have been modified pursuant to a loan modification, a true and correct copy of which is attached to the Exhibits as Exhibit 4.

6. On or about November 22, 2017, an unauthorized Grant Deed was executed whereby Juan A. Reyes, the Original Borrower, purported to transfer interest in the Subject Property to Juan A. Reyes and Kathleen D. Frutos, the Debtor herein, as a "gift," for no consideration. A true and correct copy of the Grant Deed is attached to the Exhibits as Exhibit 5.

7. As of December 13, 2017, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $90,250.01 |
| Unpaid, Accrued Interest | $5,173.62 |
| Costs | $8,719.52 |
| **Less**: Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $104,143.15 |

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $931.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Borrower:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 6 | 3/1/2015 | 8/1/2015 | $615.87 | $3,695.22 |
| 6 | 9/1/2015 | 2/1/2016 | $548.07 | $3,288.42 |
| 12 | 3/1/2016 | 2/1/2017 | $550.94 | $6,611.28 |
| 10 | 3/1/2017 | 12/1/2017 | $553.93 | $5,539.30 |
| Less partial payments: | | | | ($0.00) |

**Total**: $19,134.22

10. The fair market value of the Property is $179,900.00. The basis for such valuation is Broker's Price Opinion.

11. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $104,143.15.

12. Cause exists for relief from the automatic stay for the following reasons:

(a) Debtor has not been making payments to Movant;

(b) An authorized grant deed executed from Borrower to Debtor has delayed Movant from exercising its rights against the property as a result of the default under the terms of the Subject Loan;

(c) Debtor does not list an interest in the property.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. This Order shall be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of

entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing;

3. Providing that the Order is binding as to the Debtor for a period of 180 days following entry of the Order in any pending and/or subsequently filed bankruptcy case(s);

4. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

5. For such other relief as the Court deems proper.

Dated: January 3, 2018       ALDRIDGE PITE, LLP

                 */s/ Jamie D. Hanawalt*
                 JAMIE D. HANAWALT (SBN 309934)
                 Attorneys for BANK OF AMERICA, N.A.

-4-  CASE NO. 17-14519
**MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**