**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Kathleen Deanna Frutos

**Case No.:** 17-14519 - A - 7

**Docket Control No.** AP-1

**Date:** 02/20/2018
**Time:** 9:00 AM

**Matter:** [12] - Motion for Relief from Automatic Stay [AP-1] Filed by Creditor Bank of America, N.A. (Fee Paid $181) (eFilingID: 6196029) (ltrf)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Lisamarie Tristan
**Reporter:** Electronic Record
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Alexander K. Lee
**Respondent(s):**
None

---

**CIVIL MINUTES**

**Motion:** Relief from Stay
**Notice:** LBR 9014-1(f)(1); written opposition required
**Disposition:** Granted in part, denied in part
**Order:** Civil Minute Order

**Subject:** 550 Gable Way, Hanford, CA

The moving party requests relief from stay under § 362(d)(1), for cause, and under § 362(d)(4) on grounds that the subject real property securing its loan was transferred by a third party borrower to the debtor in this case as part of a scheme to delay, hinder or defraud the moving party. The court will grant the motion in part and deny the motion in part.

**SECTION 362(d)(4) RELIEF**

Subsection (d)(4) of § 362 authorizes relief from the automatic stay "with respect to a stay of an act against real property . . . by a

creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors . . . ." *See* 11 U.S.C. § 362(d)(4). Such a scheme to delay, hinder, or defraud must involve either: (1) an transfer of any interest in such real property without the secured creditor's consent or the court's approval or (ii) multiple bankruptcy filings affecting such property. *Id.* § 362(d)(4)(A)-(B).

No factual grounds have been provided showing that the debtor took any action to obtain an interest in the real property. The moving party has not shown that the debtor participated in the unauthorized transfer or had any knowledge of it. The property does not appear on the debtor's Schedule A, of which the court takes judicial notice. Fed. R. Evid. 201. The court has no basis to conclude that the debtor filed this case in bad faith or as part of a scheme to hinder, delay or defraud any creditor.

In addition, the moving party has not shown that the grantee named in the copy of the deed attached as an exhibit is in fact the same person as the debtor. The moving party has not excluded the possibility that a person other than the debtor with the same name as the debtor was intended as the grantee. Nor has the moving party shown any evidence that the person named in the deed is the same as the debtor other than that the names are the same. The property may not even be property of the estate.

**SECTION 362(d)(1) RELIEF**

Given that some uncertainty exists about whether the stay applies, the court will grant stay relief. The court grants stay relief for cause under § 362(d)(1) because the property is not estate property and because the property's transfer was unauthorized.

**CIVIL MINUTE ORDER**

The court shall issue a civil minute order that conforms substantially to the following form:

Findings of fact and conclusions of law are stated in the civil minutes for the hearing.

Bank of America, N.A.'s motion for relief from the automatic stay has been presented to the court. Having entered the default of respondent for failure to appear, timely oppose, or otherwise defend in the matter, and having considered the well-pleaded facts of the motion,

IT IS ORDERED that the motion is granted in part as to relief under

11 U.S.C. § 362(d)(1). The automatic stay is vacated for cause under § 362(d)(1) with respect to the property described in the motion, commonly known as 550 Gable Way, Hanford, CA, as to all parties in interest. The 14-day stay of the order under Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived. Any party with standing may pursue its rights against the property pursuant to applicable non-bankruptcy law.

IT IS FURTHER ORDERED that the motion is denied in part as to relief under 11 U.S.C. § 362(d)(4). No other relief is awarded. To the extent that the motion includes any request for attorney's fees or other costs against the debtor for bringing this motion, the request is denied.